IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAUREN B. GREVICH,

                Plaintiff,                OPINION AND ORDER

v.

                                                  21-cv-14-wmc

UNITED STATES FISH AND
WILDLIFE SERVICES,

                Defendant.

*Pro se* plaintiff Lauren B. Grevich is proceeding on a claim that the United States Fish and Wildlife Service ("the Service") terminated her because of her disability, in violation of the Rehabilitation Act. The Service has moved for summary judgment on the ground that Grevich failed to comply with 29 C.F.R. § 1614.105(a)(1), which requires a plaintiff bringing a Rehabilitation Act claim against a federal agency to contact an Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Courts in this circuit must "bar claims if the forty-five-day requirement is not satisfied and there is no occasion for equitable tolling." *Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008); *see also McHale v. McDonough*, 41 F.4th 866, 869 (7th Cir. 2022) (plaintiffs must exhaust administrative remedies to bring a Rehabilitation Act claim).[1]

---

[1] Two months after briefing in this matter was closed, and without the court's leave, plaintiff filed a sur-reply including responses to defendant's proposed findings of fact. (Dkt. #23.) Nevertheless, the court has considered this filing due to plaintiff's *pro se* status and because its contents do not change the outcome of this case.

Plaintiff was injured on the job in the summer of 2010. Defendant reduced her hours to 3-10 hours per week between August 1 and August 26, 2011, and terminated her employment the day after the accommodation period ended. Plaintiff's personnel action form indicates that she was terminated because of the "end of appointment-student program," even though she did not graduate from college until the following December. (Dkt. #19-7 at 2.) Plaintiff did not contact an agency counselor about her complaint of discrimination until June 23, 2020, over eight years after the 45-day deadline had passed.

Plaintiff concedes that defendant provided notification of the time requirements. She admits that defendant displayed an EEO poster in the break room where she worked and recalls "casually passing by" it. (Dkt. #19 at 1.) Although plaintiff no longer remembers much about the contents of her employee training, or of her new employee paperwork, she does not dispute defendant's assertion that her training and paperwork would have contained information about the deadline. (*See* dkt. ##19 at 1, 23 at 1-2.) There is thus no genuine dispute that notification was provided conspicuously and was "reasonably geared to inform the complainant of the time limits." *Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir. 1995). And "[a] litigant's ignorance of the correct EEO procedures . . . does not entitle her to equitable tolling if she could be reasonably expected to know about them." *Perkins for Est. of Perkins v. Brennan*, 821 F. App'x 630, 632 (7th Cir. 2020).

Plaintiff maintains in opposition that she did not timely contact a counselor because she had no confirmation that her 2011 termination was discriminatory until 2020. Specifically, plaintiff says that she received a letter from the Department of Labor in June

of 2019 about her worker's compensation claim. That letter notified plaintiff that she would not be entitled to compensation if she had voluntarily resigned, prompting plaintiff to request her termination paperwork in April of 2020 to determine defendant's reason for her termination. Plaintiff explains that she "was not made aware of the full violation/discrimination" until then -- while "in the back of [her] head [she'd] always suspected that" she had been "wrongfully terminated," she did not know defendant's stated reason for her termination or realize "the connection or reprimands it would have" on her worker's compensation case. (Dkt. ##19 at 1, 23 at 4.)

In other words, plaintiff contends she was not certain that her rights were violated in 2011, but she admittedly suspected that was the case. Equitable tolling does not postpone the running of the statute of limitations until the plaintiff is "*certain* h[er] rights had been violated." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). It requires a court to consider whether a reasonable person in the plaintiff's position would have been aware of the *possibility* that she had suffered an adverse employment action because of illegal discrimination. *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994). That qualification is important, because "a plaintiff awakens to the possibility of a [discrimination] claim far sooner than [s]he achieves any level of certainty that h[er] rights have been violated." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 861 (7th Cir. 2005).

Plaintiff does not clear this hurdle. The timing of plaintiff's termination only a day after her accommodation period ended, and after allegedly being treated by her boss like "a whiner about [her] pain," would have caused a reasonable person in plaintiff's position

to suspect discrimination as a possible explanation. (Dkt. #19 at 8.) Indeed, plaintiff did suspect a discriminatory motive, and therefore was "required to undertake *some* inquiry to verify or discard this theory." *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 397 (7th Cir. 2000). But plaintiff does not identify any actions she took to investigate why she was terminated before receiving the Department of Labor letter in 2019. That plaintiff did not know defendant's stated reason for her termination until 2020 does not mean that she did not have enough information in 2011 to believe she "*may* have a cause of action."[2] *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 268 (7th Cir. 1995). Although plaintiff had to adjust to a "new way of life with extreme (becoming) chronic pain" while completing her degree (dkt. #19 at 4), a challenge the court does not minimize, she does not allege that these circumstances actually prevented her from contacting a counselor within the required time. Waiting over 8 years to contact a counselor falls far outside periods of delay the Seventh Circuit has rejected as unreasonable. *See, e.g.*, *Palmer v. Indiana Univ.*, 31 F.4th 583, 589 (7th Cir. 2022) (waiting 9 months to file an EEOC claim "is far longer than the delayed filing period we have allowed when applying equitable tolling in prior cases, and comfortably falls outside of the meaning of a 'reasonable time'").

Finally, plaintiff argues that her termination paperwork is the necessary evidence of her discrimination claim. Equitable tolling applies when a plaintiff was unable to discover evidence of her claim despite the exercise of due diligence. *Sidney Hillman Health Ctr. of*

---

[2] As noted below, plaintiff indicated in a July 2019 email that she believed she was terminated "not only because of [her] graduation but also (simultaneously) because of [her] injury." (Dkt. #19-13 at 17.) Even assuming plaintiff did not "awaken[ ] to the possibility" of a discrimination claim until then, she still waited nearly a year to contact a counselor. *Beamon*, 411 F.3d at 861.

4

*Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 931 (7th Cir. 2015). About a month after receiving the Department of Labor letter, plaintiff indicated in an email regarding her worker's compensation claim that she believed she was terminated at least in part because of her injury. (Dkt. #19-13 at 17.) However, plaintiff continued to pursue her worker's compensation claim for about 8 more months before she requested her paperwork in 2020 and received her personnel action form two days later. (Dkt. ##19-13 at 56-61, 19-16, 19-17.) Plaintiff has always known she had been terminated and has not shown that she could not have obtained this paperwork much sooner than she did.

Although plaintiff raises issues regarding the merits of her claims and the challenges she has faced, the court cannot consider her arguments because she did not comply with the administrative deadline in 29 C.F.R. § 1614.105(a)(1). Accordingly, the court must grant defendant's motion for summary judgment.

## ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment for failure to timely exhaust administrative remedies (dkt. #12) is GRANTED.

2) The clerk of court is directed to enter judgment in defendant's favor and to close this case.

Entered this 21st day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge